CARROLL, Judge.
The City of Miami has appealed from a declaratory decree, establishing as being classified, the civil service status of the ap-pellee as police detective chief; holding he could not be removed therefrom without compliance with charter provisions, for cause on charges and hearing; that his transfer otherwise to the lesser office of police detective lieutenant and appointment of another in his place was improper; and directing adjustment of his back pay accordingly.
A statute (Ch. 31001, Laws of Florida, Special Acts 1955) which had amended the charter to declassify the position was held by the Supreme Court to be unconstitutional to the extent material in this case, on a first appeal in this suit which reversed an order dismissing the complaint for insufficiency. See Lipe v. City of Miami, Fla. 1962, 141 So.2d 738. The essential facts are set forth in that opinion, which established the status of the office as classified.[1] On hearing after remand, on the facts which were not in dispute, the trial judge was eminently correct in entering his declaratory decree.
 In our opinion appellant’s contentions on this appeal were answered adversely by the earlier opinion of the Supreme Court in this case. The contention by the City that Lipe has no right to relief because he gained the position without examination is without merit. The City promoted him to the position and so informed him. He served at length in the position. The ruling on the first appeal upheld the sufficiency of his complaint. If there is an estoppel it is on the City, which placed Lipe in the office, to deny he held it. And the City’s contention that Lipe is es-topped to challenge the validity of the statute which declassified the office, because he took the office and served in it during a period when, by such statute, it was unclassified, also is without merit. This is so for several reasons. The statute in question already has been held invalid to the extent material to the classification of the position. Until Lipe challenged it, both sides acted on faith of the statute. Also, when this estoppel contention was made by the City on the first appeal, the Supreme Court, though noting the point had not been made in the trial court, proceeded to dispel its force, saying: “Moreover, appellant Lipe was under no obligation to assault the validity of the 1955 Act until he was adversely affected by it. This he did at the first opportunity.”
No error having been made to appear, the decree appealed from is hereby affirmed.
Affirmed.

. On the first appeal (141 So.2d at 739-740) the Supreme Court said:
“Section 62 of the Charter of the City of Miami divides the city’s civil service into classified and unclassified categories. Unless otherwise provided, unclassified employees are appointed and removed at the pleasure of the City Manager. See Bryan v. Landis, 106 Fla. 19, 142 So. 650. The removal and suspension of classified employees, however, is governed by Section 65 of the Charter, which provides:
“ ‘Section 65. Power of Removal and Suspension.
“‘(a) Any ofiicer or employee in the classified service may be removed, suspended, laid off, or reduced in grade by the City Manager or by the head of the department in which he is employed, for any cause which will promote the efficiency of the service; hut he must first he furnished with a written statement of the reasons therefor and he allowed a reasonable time for answering such reasons in writing, * * * ’
“If the appellant, as Chief of Detectives, was a classified employee, the mandatory procedural requirements of Section 65 were not complied with. See State ex rel. Bauder v. Markle, 107 Fla. 742, 142 So. 822, 823.”